UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID L. CAMPBELL, | ) | CASE NO. 1:08 CV 760 |
| Petitioner, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| ANN K. MASSARO, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

On March 25, 2008, petitioner pro se David L. Campbell filed the above-captioned habeas corpus action. The petition appears to assert that Campbell's sentence has expired but that he is still in the custody of the Ohio parole authorities.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

There is no indication on the face of the petition that Campbell has sought relief via an action for habeas corpus and/or mandamus in the Ohio courts. Given that he apparently seeks to

1

raise issues of statutory construction which might conceivably be resolved by the state courts, petitioner has not yet exhausted these available state remedies. Cf. Brewer v. Dahlberg, 942 F.2d 328, 336-37 (6th Cir. 1991) (petitioner required to seek writ of habeas corpus under Ohio law where he alleged parole revocation occurred after sentence expired).

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent 5/23/08
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE